IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CHARLES THOMAS | * | CIVIL ACTION NO. 10-1269 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| UNITED STATES OF AMERICA AND VIC ZORDAN | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss filed by defendants, the United States of America ("United States") and Vic Zordan ("Zordan"). Doc. # 4. The motion is unopposed. For reasons stated below, it is recommended that the motion be **GRANTED.**

BACKGROUND

On August 12, 2010, Charles Thomas ("plaintiff") filed a complaint naming the United States and Zordan of the "Drug Enforcement Agency" as defendants. Doc. # 1. Plaintiff asserted claims of "conversion, wrongful seizure and/or detention of property and offenses leading to mental health" in connection with the seizure of a 2007 Dodge Charger on July 27, 2010 by Zordan and other law enforcement officers. *Id.* at ¶ 2.

On August 25, 2010, a sealed superceding indictment was issued in the case of *United States v. Emmett Minor, et al.*, 3:10cr228, doc. # 23. The indictment charged Charles Thomas, plaintiff herein, and others with, *inter alia*, conspiracy to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The superceding indictment also contained a forfeiture count for the 2007 Dodge Charger, VIN 2B31A43R87H76858 under Title 21, United States Code, Section 853. The indictment was unsealed on September 9, 2010.

The defendants filed the underlying motion on October 5, 2010, asserting the court lacks subject matter jurisdiction under FED.R.CIV.P. 12(b)(1), and that the plaintiff fails to state a claim upon which relief may be granted under FED.R.CIV.P. 12(b)(6).

## LAW AND ANALYSIS

### I.      Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  Finally, when a plaintiff pleads factual allegations, "a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement of relief." *Id.*

## II.     Plaintiff's Claims Against the United States

The plaintiff's claims based on negligence or conversion sound in tort. The Federal Tort Claims Act ("FTCA") allows a plaintiff to pursue tort actions against the federal government, and it holds the government liable as if it were a defendant in state court, subject to strict limitations. 28 U.S.C. § 2679(b)(1). Under the FTCA, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . ." for certain torts of federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 1346(b) & 2671. The FTCA establishes the exclusive remedy for tort claims arising out of the actions of the federal government and its employees. 28 U.S.C. § 2679. The Act provides a limited waiver of sovereign immunity, and suits filed thereunder must be filed in exact compliance with its terms. *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971).[1]

In the absence of a waiver of sovereign immunity, this court lacks subject matter jurisdiction over a claim involving the United States. *Lane v. Pena*, 518 U.S. 187 (1996). Sovereign immunity protects the United States from liability and also deprives a court of subject matter jurisdiction over claims against the United States. *Bodin v. Vageshenian*, 472 F.3d 481 (5th Cir. 2006). Therefore, if a claimant fails to demonstrate that he has complied with a statutory requirement, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper.

The FTCA requires a claimant to present an administrative claim to the appropriate agency prior to filing suit. *See*, 28 U.S.C. § 2675(a). If a plaintiff fails to satisfy this

---

[1] The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *Unted States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).

jurisdictional requirement, there is no waiver of sovereign immunity. The FTCA provides in pertinent part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail...** (Emphasis added)

*Id.*

Here, plaintiff has failed to submit an administrative tort claim as required by the FTCA. *See* Ex. C, Decl. of Bettie E. Goldman, Doc. # 4-2. Therefore, this court is without subject matter jurisdiction and this claim should be dismissed under Rule 12(b)(1).

### III.  Plaintiff's Claims Against Agent Zordan

In a properly alleged FTCA action, the appropriate party defendant is the United States, as opposed to the responsible agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Furthermore, "an agency or government employee cannot be sued *eo nomine* under the [FTCA]. Thus, an FTCA claim against *a federal agency or employee* as opposed to the United States itself must be dismissed for want of jurisdiction." *Id*. (internal citations omitted) (emphasis added).

Accordingly, the FTCA does not confer jurisdiction to support plaintiff's claim against Zordan, as it is clear that Zordan's actions were taken in furtherance of his official duties as a Drug Enforcement Agency employee. *See* Compl., ¶ 16. In addition, even if plaintiff had urged supplemental jurisdiction as a basis to hear his claim against Zordan, resort to this jurisdictional statute would prove unavailing because the supplemental jurisdiction statute presupposes at least one claim that confers original subject matter jurisdiction. *See* 28 U.S.C. § 1367. Here,

however, plaintiff's claim against the United States is also jurisdictionally bereft. *See Galvin, supra*. Thus, this court lacks subject matter jurisdiction to adjudicate not only plaintiff's claim against the United States, but also plaintiff's claim against Zordan. In the absence of subject matter jurisdiction, dismissal is required. FED.R.CIV.P. 12(h)(3).[2]

Finally, the record demonstrates that a criminal prosecution involving the unlawful distribution of illicit drugs is pending against plaintiff and the vehicle in question. Thus, plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and plaintiff is consequently unable to state a claim upon which relief can be granted at this time. In *Heck v. Humphrey*, the Supreme Court held:

> [In] order to recover damages for an unconstitutional conviction or harm caused by actions whose unlawfulness would render the conviction or sentence unlawful, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. [A] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* Although *Heck* was a § 1983 case asserted against a state official, its doctrine applies in a *Bivens* action.[3]

The *Heck* favorable termination requirement applies to criminal forfeiture proceedings. *Gay v. U.S.*, 250 Fed.Appx. 643 (5th Cir. 2007). Forfeiture is but an element of the sentence imposed following conviction. *Libretti v. U.S.*, 516 U.S. 29, 38-39 (1995). Plaintiff's *Bivens*

---

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*; see also *Galvin, supra* (dismissed for lack of jurisdiction despite government agency's failure to emphasize lack of jurisdiction).

[3] *See*, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing action against individual federal officials on basis of constitutional violation).

claim against Zordan is premature and currently without merit under *Heck*'s favorable termination rule.

The complaint also references "unlawful detention." Doc. # 1, ¶ 18.  Whether plaintiff refers to unlawful detention of his person or his vehicle is unclear.  Unlawful detention of the vehicle is barred as described above.  To the extent that plaintiff intends to assert a claim based upon unlawful detention of his person, he has failed to allege facts sufficient to set forth such a claim upon which this court may grant relief.

To proceed with a claim of unlawful seizure or detention of the vehicle in question, the plaintiff must demonstrate that the forfeiture count in the indictment has been dismissed, declared invalid or called into question. *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).  For this reason, plaintiff's *Bivens* claim against Agent Zordan must be dismissed.  FED.R.CIV.P. 12(b)(6).

## CONCLUSION

For the reasons stated above, it is recommended that the defendants' motion be **GRANTED,** and that the plaintiff's claims against the United States of America and Vic Zordan be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FED.R.CIV.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE**

**PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 29th day of October, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE